**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                    Case No. 04-CR-80038 -DT-1

FREDERICK T. MCCLURE, III

    Defendant.
_____/

**ORDER STRIKING CERTAIN DOCUMENTS**

Defendant entered a plea of guilty and was sentenced on May 5, 2005, to a prison term of twelve months, a special assessment of $100 and restitution (jointly and severally with co-defendants) of $4,000. No notice of appeal has been filed, nor has Defendant's counsel, James L. Feinberg, moved to withdraw.

The court has recently received from Defendant certain documents that were filed upon receipt by the Clerk. They are entitled "Commercial Notice Appointment of Fiduciary Debtor" [Dkt. #82]. The court now strikes these documents as improperly filed.

First, Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v.*

*Daniels,* 572 F.2d 535, 540 (5th Cir. 1978);  *Ennis v. LeFevre,* 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams,* 534 F.2d 119, 123 (8th Cir. 1976).  This right, however, is disjunctive, thus a party may chose *either* to represent himself or to appear through an attorney.  There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel.  A person represented by counsel must rely upon that counsel.  *See, e.g., United States v. Olson,* 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels,* 572 F.2d at 540; *Ennis,* 560 F.2d at 1075;  *Williams,* 534 F.2d at 123; *United States v. Hill,* 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Philadelphia,* 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack,* 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman,* 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writ-writer).

      Second, and more fundamentally, the self-submitted documents constitute quasi-legalistic nonsense.  Defendant's "Commercial Notice . . ."  commences with the statement "Comes now Frederick-Thomas McClure III, A Real Party In Interest, who is neutral in the public, making a special visitation by absolute ministerial right to the district court, "restricted appearance" under Rule E(8)."  The document purports to present Defendant as a

> "'Third Party Interest Intervener,' having terminated the previous fiduciary to the corporate entity (ens legis), a documented vessel under United States registry, otherwise described as FREDERICK T. MCCLURE III, a.k.a. FREDERICK T. MCCLURE III© or any alphabetical or numerical variation thereof, a.k.a. (Debtor), nunc pro tunc the eleventh month, seventh day, nineteen hundred and seventy two C.E., said entity having as it's [sic] trustee the Secretary of Transportation of the United States . . . ."

The document further purports to nominate "James L. Finberg [sic], ATTORNEY,

as being qualified to fulfill the position of "Fiduciary Debtor" for the corporate entity described above in all-capital-letter-assemblages."

These official-sounding but meaningless ramblings are emblematic of those who are well-kown to the federal judiciary as "tax protestors."  *See, e.g., U.S. v. Hasan* 344 F. Supp. 2d 386, 392-93 (S.D.N.Y. 2004) (noting examples of similar actions by "criminal defendants who will do anything and everything to interfere with the progress of their cases."); *Liebig v. Kelley-Allee*  923 F.Supp. 778 (E.D.N.C. 1996) (Plaintiff, suing employer, denied being a "tax protestor" but objected to "having his name printed in all capital letters" in asserting that (i) he is not a "person" but is a member of "we the people;" (ii) the defendants have unlawfully seized his property and/or placed liens or levies on his salary; (iii) his income and property are not subject to any federal tax for various reasons.).  The sum total of the papers seems to represent Defendant's effort to avoid remaining personally responsible for the fine and restitution imposed at sentencing.

IT IS ORDERED that Defendant's "Commercial Notice Appointment of Fiduciary Debtor" [Dkt. #82], along with all exhibits appended thereto, is hereby **STRICKEN** from the docket of this court.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 17, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner

Case Manager and Deputy Clerk
(313) 234-5522